STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert WHITE, Defendant-Appellant.†

Court of Appeals

*No. 79–581–CR. Submitted on briefs October 12, 1979.—*
*Decided November 12, 1979.*
(Also reported in 294 N.W.2d 36.)

For the appellant the cause was submitted on the briefs of *Richard L. Cates,* state public defender, with whom on the briefs was *Mel S. Johnson,* assistant state defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with

† Petition to review denied.

whom on the brief was *Chris Heikenen,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J. Robert White (White), stole a 19-inch Sylvania portable television set and a Singer-Athena sewing machine from the apartment of Monica Caro on July 6, 1977. On October 10, 1978, he was charged in a written complaint with the crime of felony theft in violation of sec. 943.20(1)(a) and (3)(b), Stats. On October 19, after plea negotiations, the charge in the complaint was reduced to misdemeanor theft in violation of sec. 943.20(1)(a) and (3)(a). White pleaded guilty and was convicted of the misdemeanor; the trial court withheld sentence and he was placed on two years' probation.

White's probation was revoked after a separate conviction for felony theft, for which he received a prison term of up to two and one-half years. As a result of the probation revocation, White came before the trial court for sentencing after receiving his two and one-half year-sentence on the separate felony. The trial court sentenced White to a term of six months incarceration consecutive to the two and one-half year felony sentence.

White appeals the imposition of the consecutive sentence upon his parole revocation because he claims it violates his constitutional prohibition against *ex post facto* laws. We agree.

No *ex post facto* law shall be passed by the congress of the United States[1] or "ever be passed" by the legislature of Wisconsin.[2] No one can be punished more severely than prescribed by the law which existed before or at the time the supposed offense or offenses were committed.[3] A law which makes an innocent act criminal, which

---

[1] U.S. Const. art. I, §9.

[2] Wis. Const. art. I, §12.

[3] *Dobbert v. Florida,* 432 U.S. 282, 292 (1977).

changes the nature of the offense, or which increases the punishment for the same offense, violates the constitutional prohibition against *ex post facto* laws.[4] These *ex post facto* propositions conform to Wisconsin law.[5]

White's sentence was stayed and he was placed on probation for a crime committed on July 6, 1977. On that date the probation revocation statute required that the revocation sentence term "shall begin on the date he enters prison."[6] Before White's parole revocation sentence was imposed, the legislature amended the statute to provide that sentencing on probation revocation may be concurrent with or consecutive to any sentence imposed subsequent to the imposition of the original probation.[7] The effective date change of the statute was May 18, 1978. The change in the statute was apparently a legislative response to Wisconsin Supreme Court dicta.[8]

---

[4] *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925).

[5] *State ex rel. Mueller v. Powers*, 64 Wis.2d 643, 645–47, 221 N.W.2d 692, 694 (1974); *Wis. Bingo Supply & Equip. Co. v. Bingo Control Bd.*, 88 Wis.2d 293, 304–05, 276 N.W.2d 716, 721 (1979).

[6] Sec. 973.10(2), Stats. (1975), provided in pertinent part:

(2) If a probationer violates the conditions of his probation, the department may order him brought before the court for sentence which shall then be imposed without further stay or if he has already been sentenced, may order him to prison; and the term of the sentence shall begin on the date he enters the prison. . . .

[7] 1977 Wis. Laws, ch. 347, §1, revised sec. 973.10(2), Stats., to read:

(2) If a probationer violates the conditions of . . . probation, the department may:

*(a) If the probationer has not already been sentenced,* order . . . *the probationer* brought before the court for sentence which shall then be imposed without further stay, *and the sentence may be concurrent with or consecutive to any sentence imposed subsequent to the imposition of the original probation; or* . . .

*(b) If the probationer* has already been sentenced, . . . order . . . *the probationer* to prison, and the term of the sentence shall begin on the date . . . *the probationer* enters the prison.

[8] *Drinkwater v. State*, 69 Wis.2d 60, 75, 230 N.W.2d 126, 132–33 (1975).

We hold that the trial court's imposition of a consecutive sentence in this case amounted to a violation of the constitutional prohibition against *ex post facto* laws. The legislative change made it possible to impose consecutive sentences upon parole revocation, a punishment more onerous to White than was possible under the statute that existed prior to the change.

The May 18, 1978, change in the statute clearly was a substantive change in punishment for probation revocation and not a procedural change. It changed the potential commencement of imprisonment from the date a revoked person entered prison to the date after a pre-existing sentence was served.[9]

Prior to May 18, 1978, a probation revocation sentence could not be served consecutive to any other sentence. It could only be served before another sentence by using a "contorted administrative procedure."[10] Under that procedure the trial court imposing sentence on the later offense could wait until probation was revoked and sentence imposed on the earlier violation, and then impose a sentence consecutive to the parole revocation sentence.

For the trial court to impose consecutive sentences under this contorted administrative procedure outlined above, it needed jurisdictional control over the sentence imposed for the later offense. Here the trial court had jurisdictional control over the probation violation sentence, but had no such control over the sentence imposed for the other crime.

We have supervisory authority over the actions and proceedings before the trial courts.[11] In the interest of judicial economy, we modify the trial court's sentence

[9] *Dobbert, supra* note 3 at 293–94.

[10] *Drinkwater, supra* note 8; *Sprang v. State,* 63 Wis.2d 679, 687, 218 N.W.2d 304, 308 (1974).

[11] Wis. Const. art. VII, §5(3) ; sec. 752.02, Stats.

from a consecutive sentence of six months on the probation violation to a sentence of six months for the probation violation to be served concurrently with the two and one-half year sentence for the other felony.

*By the Court.*—Judgment modified and as modified affirmed.