75 Cal.Rptr.2d 244 (1998)
64 Cal.App.4th 386
The PEOPLE, Plaintiff and Respondent,
v.
Larry Venorrise BRADLEY, Defendant and Appellant.
No. B110426.
Court of Appeal, Second District, Division Five.
June 1, 1998.
As Modified June 11, 1998.
Review Denied September 16, 1998.
*245 Debra R. Huston, under appointment by the Court of Appeal, Carmel, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Lance E. Winters, and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication[*]
TURNER, Presiding Justice.

I. INTRODUCTION
Defendant, Larry Venorrise Bradley, appeals from his convictions for forgery (Pen. Code,[1] § 470) and possession of a completed check with the intent to defraud. (§ 475a.) He was also found to have served four prior prison terms (§ 667.5, subd. (b)) and to have previously been convicted of four serious felonies. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) In the published portion of the opinion, we discuss whether the trial judge had a duty to impose or strike an additional prior prison term enhancement. We affirm in part and reverse in part with directions.

II. DISCUSSION

A. Prior Prison Term Enhancement Issues
The Attorney General argues that the trial court erred in failing to impose a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b), with respect to the defendant's prior prison term in People v. Bradley (Super.Ct. L.A. County, No. A588238). At the time of sentencing the trial court orally imposed three of the four prior prison term enhancements found to be true by the jury. However, the trial judge never indicated her disposition as to the prior prison term served beginning in 1981 in People v. Bradley (Super.Ct. L.A. County, No. A588238).
As will be noted, we conclude in the published portion of this opinion: to neither strike nor impose a prior prison term enhancement is a legally unauthorized sentence; *246 the power to strike a prior prison term enhancement pursuant to section 1385, subdivision (a) survived the adoption of sections 667, subdivisions (b) through (i) and 1170.12; effective January 1, 1998, there is no longer the authority to strike a prior prison term pursuant to former section 1170.1, subdivision (h); and remand is appropriate for the trial court to exercise discretion pursuant to section 1385, subdivision (a) as to the prior prison term resulting from No. A588238.

1. The Unauthorized Sentence Issue
The trial court had a duty to impose sentence in. accord with the law. (People v. Cattaneo (1990) 217 Cal.App.3d 1577, 1588-1589, 266 Cal.Rptr. 710; People v. Floyd P. (1988) 198 Cal.App.3d 608, 612, 244 Cal.ptr. 269; People v. Superior Court (Himmelsbach) (1986) 186 Cal.App.3d 524, 537, 230 Cal.Rptr. 890 disapproved on another point in People v. Norrell (1996) 13 Cal.4th 1, 7, fn. 3, 51 Cal.Rptr.2d 429, 913 P.2d 458; People v. Santana (1986) 182 Cal.App.3d 185, 191-192, 227 Cal.Rptr. 51.) The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal. (People v. Irvin (1991) 230 Cal.App.3d 180, 190, 281 Cal.Rptr. 195; see People v. Mustafaa (1994) 22 Cal. App.4th 1305, 1311, 28 Cal.Rptr.2d 172.) No doubt, section 667.5, subdivision (b) enhancements are subject to the exercise of the trial court's discretion to strike pursuant to section 1385, subdivision (a). (People v. Thomas (1992) 4 Cal.4th 206, 209-210, 14 Cal.Rptr.2d 174, 841 P.2d 159 ["the power to dismiss an `action' under section 1385 includes the power to dismiss or strike an enhancement"]; People v. Santana, supra, 182 Cal.App.3d at pp. 190-191, fn. 6,227 Cal.Rptr. 51; People v. Sutton (1985) 163 Cal.App.3d 438, 445-446, 209 Cal.Rptr. 536, disapproved on another point in People v. Equarte (1986) 42 Cal.3d 456, 465, fn. 12, 229 Cal.Rptr. 116, 722 P.2d 890.) If a trial judge exercises the power to strike pursuant to section 1385, subdivision (a), the reasons for the exercise of discretion must be set forth in writing in the minutes. (People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 531-532, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Orin (1975) 13 Cal.3d 937, 945, 120 Cal.Rptr. 65, 533 P.2d 193.) Further, at the time defendant was sentenced, on February 25, 1997, the trial court had the power to strike the prior prison term enhancements pursuant to former section 1170.1, subdivision (h). (Repealed by Stats. 1997, ch. 750, § 3.)[2] However, in order to strike an enhancement, former section 1170.1, subdivision (h) required that mitigating circumstances be set forth on the record. (People v. Jordan (1986) 42 Cal.3d 308, 318, 228 Cal.Rptr. 197, 721 P.2d 79; People v. Alexander (1992) 8 Cal.App.4th 602, 605, 10 Cal.Rptr.2d 450.)
In the present case, the trial judge never struck the prior prison term enhancement arising from No. A588238 either pursuant to section 1385, subdivision (a) or former section 1170.1, subdivision (h). As to section 1385, subdivision (a), the minutes contain no statement of reasons as to why judicial leniency would be in the interests of justice. Hence, the absence of any statement in the minutes means no section 1385, subdivision (a) order striking the prior prison term enhancements was issued. Citing its prior decision in People v. Orin, supra, 13 Cal.3d at page 944, 120 Cal.Rptr. 65, 533 P.2d 193, the *247 Supreme Court in Romero held: ""'[I]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385." [Citations.]'" (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 532, 53 Cal.Rptr.2d 789, 917 P.2d 628.) Moreover, the trial court never orally stated it was dismissing or striking the prior prison term enhancements in People v. Bradley (Super.Ct. L.A. County, 1988, No. A712091) and People v. Bradley (Super.Ct. L.A. County, 1988, 15995). No dismissal under section 1385, subdivision (a) occurred in this case as to the prior prison term enhancement resulting from No. A588238. Further, no order striking the prior prison term enhancement pursuant to former section 1170.1, subdivision (h) occurred either. Not only did the trial court never purport to do so, but there was no on-the-record statement of mitigating circumstances as required by former section 1170.1, subdivision (h). Hence, the refusal to sentence was legally unauthorized (People v. Dotson (1997) 16 Cal.4th 547, 554, fn. 6, 66 Cal.Rptr.2d 423, 941 P.2d 56; People v. Scott (1994) 9 Cal.4th 331, 354, 36 Cal. Rptr.2d 627, 885 P.2d 1040) and depending on the circumstances, the Attorney General is correct insofar as it is contended that limited resentencing may be in order concerning the prior prison term enhancement resulting from No. A588238. (People v. Irvin, supra, 230 Cal.App.3d at p. 193, 281 Cal.Rptr. 195 [remand to permit trial judge to strike or impose a prior prison term enhancement]; People v. Cattaneo, supra, 217 Cal.App.3d at p. 1589, 266 Cal.Rptr. 710 [remand to permit trial judge to strike or impose drug enhancement pursuant to Health & Saf.Code, § 11370.4].)

2. The Power to Strike Pursuant to Section 1385, Subdivision (a)
The Attorney General argues that the trial judge must impose sentence as to the remaining prior prison term enhancement pursuant to section 667.5, subdivision (b). We agree with defendant that the trial court may, on remand, determine whether to strike the remaining prior prison term enhancement arising from No. A588238 pursuant to section 1385, subdivision (a). Defendant stands convicted of a single count of forgery[3] and the trial court has declined to impose a section 667.5, subdivision (b) enhancement. The Attorney General argues that since enhancements must run consecutively pursuant to sections 667, subdivision (e)(2), and 1170.12, subdivision (c)(2) we may not remand to allow the trial judge to exercise her discretion to strike the remaining prior prison term enhancement arising from No. A588238.
The Attorney General's argument is as follows. Section 667, subdivision (e)(2) states in pertinent part: "(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] ... (2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] ... (ii) Imprisonment in the state prison for 25 years. [¶] ... (B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law." The same language appears in section 1170.12, subdivision (c)(2).
The Attorney General argues that the foregoing language has been interpreted in People v. Hendrix (1997) 16 Cal.4th 508, 515, 66 Cal.Rptr.2d 431, 941 P.2d 64, as follows when the Supreme Court was discussing the scope of consecutive sentencing duties in cases involving recidivists with two or more prior serious felony convictions: "We conclude the phrase `[a]ny other term' in subdivision (e)(2)(B) refers back to the language of subdivision (e), which provides that the three-strike punishment is `in addition to any other enhancement or punishment provisions which may apply.' Thus, when subdivision (e)(2)(B) states, `The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment *248 for which a consecutive term may be imposed by law,' it merely provides that the indeterminate term must be imposed consecutive to any other term, such as a term of enhancement. It is not referring to the term
for
 a different current felony conviction." (See People v. Newsome (1997) 57 Cal. App.4th 902, 913, 67 Cal.Rptr.2d 438.) In People v. Dotson, supra, 16 Cal.4th at pages 554-555, 66 Cal.Rptr.2d 423, 941 P.2d 56, while discussing section 667, subdivision (a) five-year enhancements, the Supreme Court held: "We begin with the language of the statute. Subdivision (c) provides that the indeterminate life term must be imposed `in addition to any other enhancements or punishment provisions which may apply.' This language clearly prescribes that terms of enhancement, including the five-year enhancement under section 667(a), be imposed in addition to the indeterminate term. `It is difficult to interpret the language of the statute in any other manner.' (People v. Ramirez (1995) 33 Cal.App.4th 559, 568 [39 Cal.Rptr.2d 374]; see also People v. Nelson (1996) 42 Cal.App.4th 131, 136 [49 Cal. Rptr.2d 361] [second strike; `Section 667 thus requires the doubling of the base term when there is a prior serious felony, and since such sentence is to be "in addition to any other enhancement," also requires the addition of five years for any section 667, subdivision (a)(1) enhancement.']; People v. Cartwright (1995) 39 Cal.App.4th 1123, 1138-1139 [46 Cal.Rptr.2d 351] [third strike, option (ii); `... Legislature intended a defendant's sentence under the three strikes law should include a doubled term or life term, as appropriate under section 667, subdivision (e), plus an enhancement under section 667, subdivision (a) for each prior serious felony conviction.'].) [H] In addition, subdivision (c)(2)(B) provides in part that `[t]he indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law.' We have recently construed the language `any other term' in section 667, subdivision (e)(2)(B) (which is virtually identical to subdivision (c)(2)(B)), to refer to a term other than the sentence for the current offense, such as a term of enhancement or other punishment provision. (People v. Hendrix [supra,] 16 Cal.4th [at p.] 515 [66 Cal.Rptr.2d 431, 941 P.2d 64].)" (Accord, People v. Newsome, supra, 57 Cal.App.4th at p. 914, 67 Cal.Rptr.2d 438.) Hence, the Attorney General concludes that section 667, subdivision (e)(2) as interpreted in Hendrix and Dotson requires consecutive sentencing for all enhancements and, as a result, the power to strike under section 1385, subdivision (a) has been abrogated when the defendant has been twice previously convicted of a serious felony. We disagree insofar as section 667.5, subdivision (b) prior prison term enhancements are concerned.
To begin with, there is no evidence the Legislature in enacting section 667, subdivisions (b) through (i) or the voters in adopting Proposition 184, which promulgated section 1170.12, intended to abrogate the power to strike a prior prison term pursuant to section 1385, subdivision (a). In People v. Superior Court (Romero), supra, 13 Cal.4th at page 518, 53 Cal.Rptr.2d 789, 917 P.2d 628, the Supreme Court held: "[T]he judicial power to reduce a defendant's sentence by striking a sentencing allegation in furtherance of justice is statutory. Because the power is statutory, the Legislature may eliminate it. (People v. Thomas, supra, 4 Cal.4th at pp. 210-211 [14 Cal.Rptr.2d 174, 841 P.2d 159]; People v. Valencia [(1989)] 207 Cal.App.3d [1042,] 1045 [255 Cal.Rptr. 180].) To do so, the Legislature need not expressly refer to section 1385. (People v. Thomas, supra, 4 Cal.4th at p. 211 [14 Cal.Rptr.2d 174, 841 P.2d 159].) This does not mean, however, that any statute defining the punishment for a crime can be read as implicitly eliminating the court's power to impose a lesser punishment by dismissing, or by striking sentencing allegations, under section 1385. This is because the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment and must be reconciled with the latter. (See Stats. 1850, ch. 119, § 629, p. 323.) For this reason, we will not interpret a statute as eliminating courts' power under section 1385 `absent a clear legislative direction to the contrary.' (People v. Thomas, supra, 4 Cal.4th at p. 210 [14 Cal.Rptr.2d 174, 841 P.2d 159]; see also People v. Rodriguez (1986) 42 Cal.3d 1005, *249 1019 [232 Cal.Rptr. 132, 728 P.2d 202] [section 1385 is inapplicable in the face of a `more specific proscription on the court's power']; People v. Fritz (1985) 40 Cal.3d 227, 230 [219 Cal.Rptr. 460, 707 P.2d 833] [requiring `clear language eliminating a trial court's section 1385 authority whenever such elimination is intended']; People v. Williams (1981) 30 Cal.3d 470, 482 [179 Cal.Rptr. 443, 637 P.2d 1029] [`Section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent.'].)" Under the authority of Romero, sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2) may not be construed to abrogate the section 1385, subdivision (a) discretion to strike a prior prison term enhancement in the absence of clear language indicating such was intended by the Legislature or the voters.
There is no evidence the Legislature intended to abrogate the power to strike a section 667.5 enhancement pursuant to section 1385, subdivision (a). This is demonstrated in material part by the Romero decision itself which held that the Legislature did not intend to abrogate the power to dismiss section 667 prior serious felony convictions. (People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 974, 60 Cal.Rptr.2d 93, 928 P.2d 1171; People v. Superior Court (Romero), supra, 13 Cal.4th at pp. 518-530, 53 Cal. Rptr.2d 789, 917 P.2d 628.) There is likewise no evidence the Legislature intended to abrogate the power to strike pursuant to section 1385, subdivision (a), a section 667.5, subdivision (b) prior prison term enhancement either. Nothing in the statutory language indicates such nor does the legislative history of section 667, subdivisions (b) through (i).[4] Accordingly, we conclude a trial judge retains the section 1385, subdivision (a) power to strike a section 667.5, subdivision (b) prior prison term enhancement. (Cf. People v. Martin (1995) 32 Cal.App.4th 656, 669, 38 Cal.Rptr.2d 776 ["There is nothing in the `Three Strikes' law or any other called to our attention that prohibits a trial court from striking this enhancement, so long as it does so pursuant to section 1170.1, subdivision (h)."].)
Further, neither Hendrix nor Dotson purports to discuss a trial judge's power to strike a section 667.5, subdivision (b) prior prison term enhancement pursuant to section 1385, subdivision (a). Hendrix involved consecutive sentencing for crimes committed by a recidivist on a single occasion. (People v. Hendrix, supra, 16 Cal.4th at pp. 510-511, 515, 66 Cal.Rptr.2d 431, 941 P.2d 64.) The issue in Dotson involved a legally unauthorized sentence, the failure of a trial judge to impose a non-strikeable enhancement, one pursuant to section 667, subdivision (a). (People v. Dotson, supra, 16 Cal.4th at pp. 554-555, 66 Cal.Rptr.2d 423, 941 P.2d 56.) The Supreme Court has repeatedly reminded this state's lawyers and judges that its opinions are not authority for propositions not considered in its decisions. (People v. Scheid (1997) 16 Cal.4th 1, 17, 65 Cal.Rptr.2d 348, 939 P.2d 748; Amwest Surety Ins. Co. v. Wilson (1995) 11 Cal.4th 1243, 1268, 48 Cal. Rptr.2d 12, 906 P.2d 1112; People v. Banks (1993) 6 Cal.4th 926, 945, 25 Cal.Rptr.2d 524, 863 P.2d 769; Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2, 39 Cal.Rptr. 377, 393 *250 P.2d 689.) The present case involves a strikeable section 667.5, subdivision (b) prior prison term enhancement, and neither Hendrix nor Dotson discusses that issue.

3. The Effect of the Repeal of Section 1170.1, Subdivision (h)
The question of whether on remand defendant is entitled to have the trial judge also exercise discretion pursuant to former section 1170.1, subdivision (h) is a much closer and more difficult issue than the issue concerning section 1385, subdivision (a). As noted previously, former section 1170.1, subdivision (h) has been repealed. (Ante, at p. 246.) There are two issues raised by this state of affairs. The first issue is whether on remand the repeal may be applied to defendant, whose criminal conduct and sentencing preceded that legislative decision. This raises questions of the retroactive application of the law as limited by section 3. The second question is whether denying defendant on remand the benefit of former section 1170.1, subdivision (h) when his criminal conduct occurred prior to the repeal of that statutory provision constitutes an unconstitutional ex post facto application of the law. (U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.) Neither the statutory nor constitutional answers to these questions favor defendant.
The first issue is one of statutory construction. Section 3 provides with respect to the Penal Code: "NOT RETROATIVE. No part of it is retroactive, unless expressly so declared." As a general rule, criminal statutes are therefore applied prospectively only, in the absence of a legislative intent to the contrary. (People v. Teron (1979) 23 Cal.3d 103, 116-117, 151 Cal.Rptr. 633, 588 P.2d 773, disapproved on other grounds in People v. Chadd (1981) 28 Cal.3d 739, 750, fn. 7, 170 Cal.Rptr. 798, 621 P.2d 837; Sekt v. Justice's Court (1945) 26 Cal.2d 297, 299-310, 159 P.2d 17; 1 Witkin & Epstein, Cal.Criminal Law (2d ed. 1988) Introduction to Crimes, § 37, p. 46.) The argument that favors defendant is that the abrogation of former section 1170.1, subdivision (h) cannot be retroactively applied to him because he committed his criminal conduct prior to January 1, 1998, the effective date of the repeal. However, former section 1170.1, subdivision (h) was a remedial statute designed to allow a trial court to ameliorate the effects of a potentially excessive sentence by striking certain enhancements in the face of mitigating circumstances. (People v. Thomas, supra, 4 Cal.4th at p. 211, 14 Cal.Rptr.2d 174, 841 P.2d 159; People v. Jordan, supra, 42 Cal.3d at p. 314, 228 Cal. Rptr. 197, 721 P.2d 79.) The repeal of a statute which provides a remedy to a party is fully prospective and applies to pending actions. (Tapia v. Superior Court (1991) 53 Cal.3d 282, 288-291, 279 Cal.Rptr. 592, 807 P.2d 434 [voter-approved statutes changing criminal trial and discovery procedures apply to future conduct in a trial court even though criminal conduct occurred prior to adoption of Proposition 115]; People v. Acosta (1996) 48 Cal.App.4th 411, 416-420, 55 Cal.Rptr.2d 675 [repeal of the right to raise issues in an appellate court concerning presentence credits applied to an appeal arising after the effective date of section 1237.1].) The Supreme Court has noted specifically in the context of the repeal of a statute which affects appellate remedies in Southern Service Co., Ltd. v. Los Angeles (1940) 15 Cal.2d 1, 12, 97 P.2d 963 as follows: "`The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered.'" (Italics added; accord, People v. Acosta, supra, 48 Cal.App.4th at p. 419, 55 Cal.Rptr.2d 675; Beckman v. Thompson (1992) 4 Cal.App.4th 481, 489, 6 Cal.Rptr.2d 60; Chapman v. Farr (1982) 132 Cal.App.3d 1021, 1024, 183 Cal.Rptr. 606; Department of Social Welfare v. Wingo (1946) 77 Cal. App.2d 316, 320, 175 P.2d 262; Gov.Code, § 9606.) As a result, section 3 does not require us to remand the present case to permit the trial judge to exercise her discretion pursuant to a repealed statute, former section 1170.1, subdivision (h).
*251 The next question in terms of what may occur on remand is whether ex post facto principles prohibit denying defendant the opportunity to reduce his sentence pursuant to former section 1170.1, subdivision (h). The California Supreme Court has held that ex post facto principles apply to a statute which does the following: "In Collins v. Youngblood (1990) 497 U.S. 37 [110 S.Ct. 2715, 111 L.Ed.2d 30], the court endorsed the view of its earlier decisions establishing that the ex post facto clause prohibits three categories of legislative acts: any provision `"[1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission[;] or [3] which deprives one charged with crime of any defense available according to law at the time when the act was committed...."' (Id. at p. 42 [110 S.Ct. at 2719], quoting Beazell v. Ohio (1925) 269 U.S. 167, 169 [46 S.Ct. 68, 68, 70 L.Ed. 216]; cf. People v. McVickers [(1992)] 4 Cal.4th [81,] 84 [13 Cal.Rptr.2d 850, 840 P.2d 955].)" (People v. Snook (1997) 16 Cal.4th 1210, 1220-1221, 69 Cal.Rptr.2d 615, 947 P.2d 808.) The California Supreme Court has noted that the scope of the Ex Post Facto Clauses has been simplified in terms of punishment by Beazell v. Ohio (1925) 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 and Collins v. Youngblood (1990) 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, in the following manner: "But Collins explained that the third prong of Beazell's formulation is `linked to the prohibition on alterations in "the legal definition of the offense" or "the nature or amount of the punishment imposed for its commission."' ([Collins v. Youngblood supra,] 497 U.S. at p. 50 [110 S.Ct. at p. 2723], quoting Beazell) Hence Collins was able to simplify Beazell and summarized: `Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts.' (Id. at p. 43 [110 S.Ct. at p. 2719].)" (People v. Helms (1997) 15 Cal.4th 608, 614, 63 Cal.Rptr.2d 620, 936 P.2d 1230.) In Snook, the California Supreme Court identified the purpose of the ex post facto protection as follows: "Our conclusion is fully consistent with one of the primary purposes of the ex post facto clause: to prevent unforeseeable punishment. `Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.' (Weaver v. Graham (1981) 450 U.S. 24, 30 [101 S.Ct. 960, 965, 67 L.Ed.2d 17].)" (People v. Snook, supra, 16 Cal.4th at p. 1221, 69 Cal.Rptr.2d 615, 947 P.2d 808.)
The only potentially applicable aspect of ex post facto protection in the present case is that which relates to an increase in punishment. The repeal of former section 1170.1, subdivision (h) did not increase the punishment for a prior prison term pursuant to section 667.5, subdivision (b)it was one year in the state penitentiary before January 1, 1998, the effective date of Senate Bill No. 721, and it is the same today. Post-Tapia v. Superior Court, supra, 53 Cal.3d at pages 292-297, 279 Cal.Rptr. 592, 807 P.2d 434 decisions are in accord with our analysis. (People v. Helms, supra, 15 Cal.4th at pp. 612-617, 63 Cal.Rptr.2d 620, 936 P.2d 1230 [requirement of §§ 667, subd. (e)(2)(B) and 1170.12, subd. (c)(2) that a sentence be served consecutively to a prior offense for which probation was granted not an "increase in punishment" for ex post facto purposes]; People v. McVickers (1992) 4 Cal.4th 81, 84-90, 13 Cal.Rptr.2d 850, 840 P.2d 955 [retroactive requirement that sex offender undergo testing for acquired immune deficiency disease not an ex post facto violation]; Tapia v. Superior Court, supra, 53 Cal.3d at pp. 299-300, 279 Cal.Rptr. 592, 807 P.2d 434 [no ex post facto violation when wide ranging provisions of Proposition 115 retroactively applied]; People v. Fioretti (1997) 54 Cal.App.4th 1209, 1213, 63 Cal. Rptr.2d 367 [change in registration requirements for sex offenders in section 290.1 may apply to a defendant who committed his underlying criminal offense prior to effective date of new legal duties applicable to registrants]; In re Arafiles (1992) 6 Cal.App.4th 1467, 1481-1488, 8 Cal.Rptr.2d 492 [grant of power in article V, section 8 of the California Constitution to the Governor to review parole decisions may be applied to a defendant who *252 committed his homicide prior to the adoption of the constitutional amendment].)
Further, our decision in this regard is consistent with the United States Supreme Court holding in California Dept. of Corrections v. Morales (1995) 514 U.S. 499, 502-507, 115 S.Ct. 1597, 1599-1602, 131 L.Ed.2d 588. In Morales, the United States Supreme Court held that a California statute amending Board of Prison Terms procedures to decrease the frequency of parole suitability hearings under certain circumstances did not violate the federal Ex Post Facto Clause as applied to a prisoner who was convicted prior to the amendment. The United States Court held: "The amendment creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the Ex Post Facto Clause. See Dobbert [v. Florida (1997) 432 U.S. 282, 294, 97 S.Ct. 2290, 2299] (refusing to accept `speculation' that the effective punishment under a new statutory scheme would be `more onerous' than under the old one)." (Id. at pp. 509-510, 115 S.Ct. at p. 1603, fn. omitted.) The same is true here. The California Supreme Court has held that there is virtually no difference between orders granting judicial leniency pursuant to section 1385, subdivision (a) and former section 1170.1, subdivision (h). In People v. Thomas, supra, 4 Cal.4th at page 212, 14 Cal.Rptr.2d 174, 841 P.2d 159, when confronted with the question of the differences between a dismissal pursuant to section 1385, subdivision (a) and an order striking an enhancement in compliance with former section 1170.1, subdivision (h), the California Supreme Court held after a lengthy analysis of the two provisions in the context of firearm use findings: "Defendant suggests that the `furtherance of justice' standard is broader than the `circumstances in mitigation' standard, and would include consideration of matters extrinsic to the offense and the offender, such as protection of the public interest. (See People v. Orin, [supra,] 13 Cal.3d [at p.] 944 [120 Cal.Rptr. 65, 533 P.2d 193].) Although the public interest may well favor enhancing a defendant's sentence by reason of his firearm use, it would be quite rare when the public interest, but not `circumstances in mitigation,' would justify striking such an enhancement. (Such cases seemingly would be limited to situations wherein the [People] seek to strike an enhancement to enable them to rely on the defendant's gun use as an aggravating sentencing factor.) In most cases, if the public interest favors such relief, that fact readily could be deemed a `circumstance in mitigation of the additional punishment.' (See, e.g., People v. Marsh (1984) 36 Cal.3d 134, 145, fn. 8 [202 Cal.Rptr. 92, 679 P.2d 1033] [noting for purposes of remand that striking enhancements may be justified under section 1385 by number of `mitigating circumstances' in case].) [¶] In short, we believe that, at least in the context of striking firearm use enhancements, the two standards are essentially identical." (Italics in original; see People v. Luckett (1996) 48 Cal.App.4th 1214, 1218, 56 Cal.Rptr.2d 37.) The same is true in this case in terms of the prior prison term enhancement. There is no constitutionally relevant detriment to defendant, given the similarity in the application of the two provisions of law which permit judicial leniency in the face of the interests of justice or the presence of mitigating circumstances. More critically, it is speculative to suggest otherwise, particularly given the fact that defendant has a lengthy record of violent criminal conduct. On remand, the trial judge is to either impose the prior prison term enhancement or strike it pursuant to section 1385, subdivision (a).[5] No action may be taken pursuant to the repealed provisions of section 1170.1, subdivision (h).

*253 4.-7.[**]

B.-H.[**]

III, DISPOSITION
Defendant's conviction for possession of a completed check with the intent to defraud (Pen.Code, § 475a) is reversed and the charge is dismissed. The trial court is to either impose or strike the prior prison term enhancement in Nos. A588238 and A701585 in compliance with California law. The clerk of the superior court is to then prepare an amended abstract of judgment which: deletes all references to count 2; awards presentence credits of 259 days, which includes 86 days of conduct credits; and reflects the disposition of the trial court in connection with the imposition or striking of the prior prison term enhancements in Nos. A588238 and A701585, if they are imposed. In all other respects, the judgment is affirmed.
GRIGNON and ARMSTRONG, JJ., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A.4-7 and II.B.-H.
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] The 1997 repeal of former section 1170.1, subdivision (h) does not affect the power of a trial judge to strike an enhancement pursuant to section 1385, subdivision (a). Section 9 of Senate Bill No. 721 states: "In repealing subdivision (h) of Section 1170.1, which permitted the court to strike the punishment for certain listed enhancements, it is not the intent of the Legislature to alter the existing authority and discretion of the court to strike those enhancements or to strike the additional punishment for those enhancements pursuant to Section 1385, except insofar as that authority is limited by other provisions of the law." (Stats. 1997, ch. 750, § 9.) This uncodified provision of Senate Bill No. 721 is consistent with legislative committee reports prepared in connection with Senate Bill No. 721 which indicated that the section 1385, subdivision (a) power to strike was retained notwithstanding the repeal of section 1170.1, subdivision (h). (Rep. on Sen. Bill No. 721 prepared for Sen. Com. on Public Safety (1996-1997 Reg. Sess.) April 15, 1997, p. 6; Rep. on Sen. Bill No. 721 prepared for Assem. Com. on Public Safety (1996-1997 Reg. Sess.) July 15, 1997, p. 4.)
[3] In the unpublished portion of the opinion we have reversed and ordered to be dismissed count two, possession of a completed check with intent to defraud, a violation of section 475a.
[4] The committee reports prepared in connection with Assembly Bill No. 971 which ultimately was adopted by the Legislature never refer to prior prison term enhancements in any fashion other than to note that violent felonies are defined by section 667.5, subdivision (c). (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Apr. 12, 1993; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 3, 1993; draft mem. from Richard B. Inglehart Chief Counsel to Assem. Bob Epple (1993-1994 Reg. Sess.) Jan. 8, 1994; Letter to Assem. Bob Epple from Richard B. Inglehart Chief Counsel (1993-1994 Reg. Sess.) Jan. 12, 1994; Assem. Ways and Means Com., Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 13, 1994; Assem. Com. on Public Safety, 3d Reading Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994; Sen. Judiciary Com., Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) Feb. 17, 1994; Sen. Appropriations Com., Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 25, 1994; Sen. Rules Com., Analysis of Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 25, 1994.) Further, the voter pamphlet prepared for Proposition 184 which led to the adoption of section 1170.12 did not mention prior prison term enhancements other than to note that violent felonies are defined in section 667.5. (Ballot Pamp., Analysis of Prop. 184, Gen. Elec. (Nov. 8, 1994) pp. 32-37, 64-65.)
[5] We do not address the issue of whether it would constitute an abuse of discretion to strike a prior prison term enhancement. (People v. Williams (1998) 17 Cal.4th 148, 158-161, 69 Cal.Rptr.2d 917, 948 P.2d 429; People v. Superior Court (Romero), supra, 13 Cal.4th at pp. 530-531, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Orin, supra, 13 Cal.3d at pp. 943-951, 120 Cal.Rptr. 65, 533 P.2d 193.) The trial judge has never exercised her discretion and it is appropriate she be given the opportunity to do so in the first instance. (People v. Williams, supra, 17 Cal.4th at p. 164, fn. 7, 69 Cal.Rptr.2d 917, 948 P.2d 429; People v. Jordan, supra, 42 Cal.3d at p. 319, fn. 7, 228 Cal.Rptr. 197, 721 P.2d 79.)
[**] See footnote *, ante.