Filed 10/21/20  P. v. Orozco CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ULISES OROZCO,<br><br>        Defendant and Appellant. | E073737<br><br>(Super.Ct.No. INF1900456)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed as modified.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE[1]

On May 13, 2019, an information charged defendant and appellant Ulises Orozco with violating a protective order during criminal proceedings under Penal Code[2] section 166, subdivision (c)(4) (count 1); dissuading an individual from being a witness under section 136.1 (count 2); inflicting corporal injury on a spouse under section 273.5, subdivision (f)(1) (count 3); and misdemeanor battery on a spouse under section 243, subdivision (e)(1) (count 4). The information also alleged that defendant had suffered a prior conviction resulting in imprisonment under section 667.5, subdivision (b).

After a jury trial, on August 13, 2019, defendant was found guilty of counts 1, 2, and 4. The jury deadlocked on count 3; the court declared a mistrial as to that count. The next day, defendant admitted as true an enhancement that he had served a prior prison term for infliction of corporal injury.

The trial court sentenced defendant to a total term of four years in state prison. The court also imposed one year for the section 667.5, subdivision (b), prison prior enhancement, but struck the sentence.

On September 18, 2019, defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that "because of the enactment of Senate Bill No. 136, the court should order the . . . section 667.5, subdivision (b) prior-offense enhancement

---

[1] The underlying facts of the case are not relevant to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

dismissed rather than imposed and struck." (All caps. & italics omitted.) Defendant asserts the abstract of judgment should be corrected to show the enhancement is dismissed. The People agree with defendant. For the reasons set forth *post*, we agree with the parties.

In this case, defendant admitted the truth of the prior prison term enhancement allegation under section 667.5, subdivision (b), based on his prior conviction of infliction of corporal injury under section 273.5, subdivision (a). The court imposed a one-year term for his prior prison allegation enhancement, but it struck the sentence. The abstract of judgment indicates that the enhancement was imposed, but the sentence was marked "PS" for "punishment struck."

On August 14, 2019, when defendant was sentenced, trial courts had the discretion to impose an additional one-year enhancement for each separate prior prison term served by a defendant when that defendant had not remained free of prison custody for at least five years prior to committing the current offense. (§ 667.5, subd. (a); see *People v. Bradley* (1998) 64 Cal.App.4th 386, 392-396 [trial courts retain discretion to strike prior prison term enhancements in the interests of justice].)

On October 8, 2019, the Governor signed SB 136, effective January 1, 2020. SB 136 amended Penal Code section 667.5, subdivision (b). Under SB 136, Penal Code section 667.5, subdivision (b), now limits one-year enhancements for prior convictions to cases where the prior conviction was for a sexually violent offense, as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code.

3

Both parties agree that defendant is entitled to the benefit of the change in the law. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 680-681.)  In *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held that absent evidence to the contrary, the Legislature intended amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendments' operative dates.  (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308 [discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [same].)  In an analogous situation in which new legislation ended the statutory prohibition on a trial court's ability to strike firearm enhancements under sections 12022.5 and 12022.53, appellate courts have held that the new statutory amendment applies retroactively to all nonfinal judgments.  (See *People v. Chavez* (2018) 22 Cal.App.5th 663, 708-712; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678-679.) Moreover, appellate courts have held that the newly founded discretionary authority to strike five-year enhancements under section 667, subdivision (a), is also retroactive. (*People v. Jones* (2019) 32 Cal.App.5th 267, 273; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-972.)  The reasoning in those cases apply in this case because SB 136 is an ameliorative change in the law that provides for a reduced sentence.

In this case, defendant's judgment was not final when SB 136 went into effect on January 1, 2020.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [finality includes the 90-day period in which an appellant could seek certiorari in the United States Supreme Court after the California Supreme Court denies review]; *People v. Nasalga* (1996) 12

4

Cal.4th 784, 789, fn. 5.) As a result, the change in section 667.5, subdivision (b), applies to defendant retroactively. Moreover, because the basis for defendant's prior prison term enhancement was a conviction for infliction of corporal injury, which was not a specified sexually violent offense, the enhancement under section 667.5, subdivision (b), should be stricken.

Based on the above, defendant additionally requests that the enhancement, and not just the punishment for the enhancement under section 667.5, subdivision (b), be vacated. The People agree with defendant. We agree with the parties and hereby vacate defendant's prior prison term enhancement pursuant to SB 136.

### DISPOSITION

The judgment is modified by striking the one-year enhancement imposed pursuant to Penal Code section 667.5, subdivision (b). The trial court is ordered to prepare a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

5