Filed 12/11/13  P. v. Lampkin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073189 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12575, CRF115670, CRM111436) |
| v. | |
| JARED RAY LAMPKIN, | |
| Defendant and Appellant. | |

Defendant Jared Ray Lampkin pled no contest to spousal abuse and attempted dissuading a witness and admitted he had served a prior prison term.  The trial court sentenced defendant to a term of eight years eight months.  The sentence included a one-year term for the prior prison term enhancement, which the trial court stayed.  Defendant appeals the judgment, contending the prior prison term enhancement should have been stricken, not stayed.  The People properly concede.  We will modify the judgment accordingly.

1

BACKGROUND[1]

The issue in this case involved a one-year prior prison term enhancement which the court stayed in the first of two cases. The defendant pled to the second case and admitted a violation of probation in the first case. In sentencing defendant to a stipulated term of eight years eight months on both cases, the enhancement in the first case was stayed.

In January 2012, an information in case No. CRF115670 (the first case) charged defendant with possession of methamphetamine and possession of narcotics paraphernalia. The information also alleged defendant had previously served two separate prior prison terms. Defendant pled no contest to the possession of methamphetamine charge and admitted one prior prison term enhancement. In exchange for his plea, the trial court granted defendant three years of probation.

In April 2012, an information in case No. CRF120575 (the second case) charged defendant with false imprisonment by force or violence, inflicting corporal injury on a cohabitant, making a criminal threat, two counts of attempted dissuading a witness, subornation of perjury, misdemeanor child endangerment, resisting an officer, and being under the influence of a controlled substance. The information further alleged defendant had previously been convicted of spousal abuse and had previously served a prior prison term. In addition, as a result of these charges, the prosecutor filed a violation of probation petition.

The subornation of perjury charge was dismissed pursuant to Penal Code[2] section 995. In the second case, defendant pled no contest to spousal abuse and one count of attempted dissuading a witness. In addition, he admitted the prior prison term

---

[1]	The substantive facts underlying the convictions are not relevant to the sole sentencing issue raised on appeal and are therefore not recounted here.

[2]	Undesignated statutory references are to the Penal Code.

2

enhancement.  The parties agreed to a stipulated term of eight years eight months.  The remaining counts were dismissed.  Defendant admitted he had violated the terms and conditions of his probation in the first case.

The trial court sentenced defendant in both cases in accordance with the plea to an aggregate term of eight years eight months, calculated as follows:  five years on the spousal abuse conviction, plus one year consecutive for the prior prison term enhancement; a consecutive term of two years for dissuading a witness, plus a consecutive eight months (one-third the midterm) on the possession charge; and the court imposed a one-year term for the prior prison term enhancement, stayed under section 667.5, subdivision (e).

DISCUSSION

Defendant contends the trial court erred in staying the one-year prior prison term enhancement in the first case.  The People concede the error.  We agree and accept the concession.

A trial court may not stay a one-year enhancement under section 667.5, subdivision (b).  (*People v. McCray* (2006) 144 Cal.App.4th 258, 267.)  Unless a statute provides otherwise, once a prior prison term enhancement is found true, it is mandatory, unless stricken.  Striking or imposing the enhancement is the extent of the trial court's discretion.  (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122–1124.)  Failing "to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal."  (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)  Accordingly, we will modify the judgment to strike the stayed enhancement.

DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement (§ 667.5, subd. (b)), which was ordered stayed in case No. CRF115670, the first case.  The trial court shall prepare an amended abstract of judgment and forward it to the

3

Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

                                                      _____ROBIE_____, Acting P. J.

We concur:


_____BUTZ_____, J.


_____HOCH_____, J.