Filed 7/29/14  P. v. Douglas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br> v.<br><br>CALVIN WAYNE DOUGLAS, JR.,<br><br>   Defendant and Respondent. | C074154<br><br>(Super. Ct. No. 12NCR09557) |

   This is a People's appeal after the trial court sentenced defendant Calvin Wayne Douglas, Jr., to state prison for an aggravated term of four years for inflicting corporal injury on a cohabitant and imposed but stayed all but one consecutive one-year term for defendant's prior prison term enhancements.  (Pen. Code,[1] § 667.5, subd. (b), hereafter section 667.5(b).)

---

[1]  Undesignated statutory references are to the Penal Code.

1

The People contend the trial court imposed an unauthorized sentence when it stayed five of the consecutive one-year prison terms. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) The People ask that we remand to the trial court with instructions to hold a new sentencing hearing and either impose or strike the prior prison term enhancements. Defendant concedes the error, but argues the record reflects the trial court would have stricken the five enhancements if the correct terminology had been used and on that basis, asks us to strike the enhancements. We remand for the limited purpose of resentencing on the prior prison term enhancements, allowing the trial court to exercise its discretion to impose or strike the enhancements.

## BACKGROUND

Defendant was charged with inflicting corporal injury on a cohabitant, first degree burglary, and kidnapping. The information further alleged nine separate prior prison term allegations. In a section of the information entitled "punishments," the information indicated defendant was subject to "an additional and consecutive term of one year" for the prior prison term allegations. A jury found defendant guilty of inflicting corporal injury and not guilty of residential burglary. On defendant's motion, the court granted a motion for acquittal on the kidnapping charge. The trial court found seven of the nine alleged prior prison term allegations true.[2]

The probation report recommended a sentence that included one additional consecutive one-year term for each prior prison term enhancement found to be true. At sentencing, the parties argued about whether the court should sentence on all six prior prison term allegations. The People argued each should be a separate one-year

---

[2]    The trial court found seven priors true and the reporter's transcript of the sentencing hearing and the abstract of judgment reflect sentencing on seven priors. However, in the discussions regarding imposition of sentence of the priors, the People, defense counsel, and the probation officer each indicated there were six prior convictions found true.

enhancement. Defendant argued that the court had authority to stay any of the enhancements and further, that the "mode of pleading priors on this case has happened in this jurisdiction before, and this D.A.'s office was told by this Court that in the future that these had to be pled in a way that put us on notice that they were alleging six separate one-year enhancements . . . . [¶] This Information actually specifically states that this is one additional year, not one additional year per prior prison term . . . . [¶] They were told that if they continue to plead these in this way in the future, that the Court would be imposing only what had been pled, which was a one-year enhancement." Defense counsel also requested the court exercise its discretion and "stay execution of these prior prison terms upon successful completion of the base term." Upon inquiry from the court, the probation officer indicated he had recommended a one-year enhancement for the prior prison terms because "looking at the complaint, it does say one year for the [prior prison term allegations]. I'm not sure we were counting all five or six priors."

The court sentenced defendant to the aggravated term of four years on the inflicting corporal injury charge, and "an additional and consecutive one year for the enhancements under 667.5(b). The Court is going to stay execution of all but one of those, and that will be consecutive to the underlying four-year maximum."

DISCUSSION

"Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each 'prior separate prison term served for any felony,' with an exception not applicable here . . . . Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken. [Citations.]" (*People v. Langston, supra*, 33 Cal.4th at p. 1241.) "If a trial judge exercises the power to strike pursuant to [Penal Code] section 1385, subdivision (a), the reasons for the exercise of discretion must be set forth in writing in the minutes." (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391; accord *People v. Jordan* (2003) 108 Cal.App.4th 349, 368-369.)

3

The failure to impose or strike an enhancement under section 667.5(b) results in a legally unauthorized sentence subject to correction on appeal.  (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1562; *People v. Bradley, supra*, 64 Cal.App.4th at p. 391.)

In this case, the trial court imposed the prior prison term enhancements, but in accordance with defendant's request, stayed execution of five of the six enhancements. Defendant concedes this was error, but argues the appropriate remedy is for us to strike the enhancements.  We disagree with defendant's proposed remedy.

Contrary to defendant's claim on appeal, it is not clear the court would have struck the enhancements if defendant had correctly requested the court to strike rather than stay them.  There is no discussion on the record of the basis for striking the prior enhancements, nor is there any indication the court was exercising its discretion to do so. On this record, it appears the appropriate remedy is to reverse the defendant's sentence and remand for the trial court to exercise its discretion whether to impose or strike the enhancements  (*People v. Solórzano* (2007) 153 Cal.App.4th 1026, 1041), and if the latter, to state its reasons (§ 1385, subd. (a)).

DISPOSITION

Defendant's sentence is reversed.  The matter is remanded to the trial court with directions that it exercise its discretion whether to impose or strike each of the enhancements in compliance with section 1385, subdivision (a).  (*People v. Langston, supra*, 33 Cal.4th at p. 1241.)

s

                                           ROBIE             , J.

We concur:


      BLEASE          , Acting P. J.


      DUARTE         , J.

4