Filed 2/3/22  P. v. Ramos CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077282 |
| v. | (Super.Ct.No. RIF1804583) |
| WILLIE EUGENE RAMOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez (retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const) and John D. Molloy, Judges.  Reversed and remanded with directions.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Robin H. Urbanski, Acting Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE[1]

On February 22, 2019, an amended information charged defendant and appellant William Eugene Ramos with one count of vandalism under Penal Code[2] section 594, subdivision (a). The information also alleged that defendant had one prior strike conviction under sections 1170.12, subdivision (c)(1), and 667, subdivisions (c) and (e)(1), and had suffered four prior prison terms under section 667.5, subdivision (b).[3]

On March 5, 2019, defendant pled not guilty and not guilty by reason of insanity (NGI). Thereafter, on June 28, 2019, defendant withdrew his not guilty plea and entered only his NGI plea. On the same day defendant agreed to have a bench trial on sanity and both sides submitted on the doctors' reports. The trial court found defendant NGI.

On August 9, 2019, the trial court held a placement recommendation hearing under section 1026. The trial court committed defendant to a maximum confinement term of 10 years, which included the high term of three years for the vandalism count, doubled for the prior strike conviction, and four one-year terms for the prior prison terms.

Defendant filed a notice of appeal following our order granting his petition for writ of habeas corpus, which allowed him to file a late notice of appeal. (See *In re Ramos*, E077074 [Unpub. Dispo].)

---

[1] The facts of defendant's offenses are not relevant to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] The original information also charged defendant with one count of robbery under section 211, and alleged an additional prior strike conviction and an additional prior prison term. The robbery count and additional allegations were dismissed.

**DISCUSSION**

A.     DEFENDANT'S NGI PLEA SHOULD BE SET ASIDE

Defendant contends "the court erred by failing to advise [defendant] of the complete consequences of his not guilty by reason of insanity plea and therefore the plea, subsequent commitment and withdrawal of his not guilty plea must be set aside." (All caps. omitted.) The People agree with defendant. The People state that "[a]lthough appellant was made aware that he was facing a possible maximum term of ten years whether he was found guilty of the charged offenses or NGI, he was never advised that, if found NGI, he could be subjected to extensions of his confinement term in a state hospital." We agree with the parties and set aside defendant's NGI plea.

1.     *PROCEDURAL HISTORY*

During defendant's pretrial proceedings, the trial court discussed defendant's options to accept a plea bargain for a lesser sentence, to plead NGI, or to go to trial. The prosecutor offered defendant four years, explaining that defendant was possibly facing a sentence of 10 years based on the vandalism count, the prior strike conviction, and the four prison priors. The trial court advised defendant that it was unlikely for defendant to get a lesser term if he rejected the offer. The court explained that the minimum a court would give defendant was eight years. The court reiterated that defendant was facing a possible term of 10 years.

Defendant indicated that he wished to plead NGI and withdraw his not guilty plea. When discussing the terms of the NGI plea, the court advised defendant that he would

3

have to be evaluated prior to placement in a state hospital. Thereafter, the following discussion ensued:

"[Defendant]: I'll be—I would have to be evaluated first, though; right?

"[Court]: Yeah, you sure would. And you could be placed for up to— [¶] Is it the amount of time that the crime carries?

"[Prosecutor]: I believe he could be placed for up to the maximum confinement period, so maximum exposure, which in this case is ten years."

The trial court advised defendant of his jury trial rights prior to the withdrawal of his not guilty plea. The court, however, failed to advise defendant at any point in the proceedings that his confinement to a state psychiatric hospital could be extended beyond the maximum confinement term of 10 years.

Defendant withdrew his not guilty plea, leaving only his NGI plea in place. Defendant then agreed to a bench trial on sanity. The court found defendant NGI. The court then ordered defendant to be committed to the Department of State Hospitals and set his confinement term at the maximum of 10 years.

2. *THE TRIAL COURT ERRED BY FAILING TO FULLY ADVISE DEFENDANT OF THE CONSEQUENCES OF HIS NGI PLEA*

A defendant who is found NGI may be confined to a state psychiatric hospital for a period as long as the maximum amount of time for which the defendant could have been imprisoned had he or she been found guilty of the charged offense. (§§ 1026, 1026.5, subd. (a)(1).) The commitment to the state psychiatric hospital may be extended by proof that the individual "has been committed under Section 1026 for a felony and by

4

reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others." (§ 1026.5, subd. (b)(1).) The defendant must be advised that a commitment following a NGI plea may exceed the longest possible term of imprisonment for the underlying crime. (*People v. Lomboy* (1981) 116 Cal.App.3rd 67, 68-69; *In re Robinson* (1990) 216 Cal.App.3rd 1510, 1513.) When the defendant has not been so advised and has entered solely a NGI plea, the plea must be set aside and the matter must be remanded so that the defendant may withdraw the NGI plea and enter a not guilty plea. (*Robinson*, at p. 1518.)

In this case, defendant withdrew his not guilty plea and proceeded on his NGI plea. Although the trial court and the prosecutor made defendant aware that his maximum confinement term could be 10 years on numerous occasions, neither the court nor the prosecutor advised defendant that his confinement term could be extended beyond the maximum term under section 1026.5. Hence, defendant was not properly advised of the consequences of his NGI plea. (*People v. Lomboy*, *supra*, 116 Cal.App.3rd at pp. 68-69.)

Therefore, defendant's NGI plea shall be set aside, and we remand this case to the trial court so defendant may withdraw his NGI plea and enter a plea of not guilty. (See *In re Robinson*, *supra*, 216 Cal.App.3rd at p. 1518.)

B.    DEFENDANT'S ENHANCEMENTS FOR HIS PRIOR PRISON TERMS SHOULD BE STRICKEN UNDER SENATE BILL NO. 136

Defendant contends that he "is entitled to application of Senate Bill [No.] 136 and therefore his one year prison priors are no longer valid, and the court should remand for

5

recalculation of his maximum exposure." (All caps. omitted.) The People agree with defendant. For the reasons set forth *post*, we agree with the parties.

At the time defendant was sentenced section 667.5, subdivision (b), provided for a one-year enhancement for any prior felony convictions that resulted in prison incarceration. Trial courts had the discretion to impose an additional one-year enhancement for each separate prior prison term served by a defendant when that defendant has not remained free of prison custody for at least five years prior to committing the current offense. (§ 667.5, subd. (a); see *People v. Bradley* (1998) 64 Cal.App.4th 386, 392-396 [trial courts retain discretion to strike prior prison term enhancements in the interests of justice].)

On October 8, 2019, the Governor signed Senate Bill No. 136, effective January 1, 2020. Senate Bill No. 136 amended Penal Code section 667.5, subdivision (b). Under Senate Bill No. 136, Penal Code section 667.5, subdivision (b), now limits one-year enhancements for prior convictions to cases where the prior conviction was for a sexually violent offense, as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

Both parties agree that defendant is entitled to the benefit of the change in the law. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 680-681.) In *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held that absent evidence to the contrary, the Legislature intended amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendments' operative dates. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308

[discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [same].) In an analogous situation in which new legislation ended the statutory prohibition on a trial court's ability to strike firearm enhancements under sections 12022.5 and 12022.53, courts of appeal have held that the new statutory amendment applies retroactively to all nonfinal judgments. (See *People v. Chavez* (2018) 22 Cal.App.5th 663, 708-712; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678-679.) Moreover, courts of appeal have held that the newly founded discretionary authority to strike five-year enhancements under section 667, subdivision (a), is also retroactive. (*People v. Jones* (2019) 32 Cal.App.5th 267, 273; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-972.) The reasoning in those cases apply in this case because Senate Bill No. 136 is an ameliorative change in the law that provides for a reduced sentence.

In this case, defendant's judgment was not final when Senate Bill No. 136 went into effect on January 1, 2020. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [finality includes the 90-day period in which an appellant could seek certiorari in the United States Supreme Court after the California Supreme Court denies review]; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) As a result, the change in section 667.5, subdivision (b), applies to defendant retroactively. Moreover, because the bases for defendant's prior prison term enhancements were not for specified sexually violent offenses, the enhancements under section 667.5, subdivision (b), should be stricken.

## DISPOSITION

Defendant's NGI plea to the vandalism count is set aside, and we direct the trial court to strike the section 12022, subdivision (b), and section 667.5, subdivision (b), enhancements.  The matter is remanded to the trial court for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

8