Filed 6/25/25  P. v. Williams CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337792 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA064979) |
| v. | |
| EARL WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Vacated and remanded with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Earl Williams appeals the superior court's judgment resentencing him under Penal Code section 1172.75, arguing the court erred by: (1) imposing and staying an enhancement under section 667, subdivision (a)(1) (section 667(a)(1)); and (2) failing to calculate his custody credits.[1]  The Attorney General agrees this was error.  So do we.  We therefore vacate the court's judgment and remand with directions to strike the section 667(a)(1) enhancement and calculate Williams's custody credits.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2015, a jury convicted Williams of kidnapping to commit a lewd act upon a child and making criminal threats.  For kidnapping, the court sentenced Williams to a total of 24 years, consisting of: (1) seven years to life, doubled to 14 years to life because of a prior strike; (2) five years under section 667(a)(1)[3]; and (3) five years under former section 667.5, subdivision (b).[4]

---

[1] Undesignated statutory references are to the Penal Code.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

[3] (§ 667(a)(1) ["A person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.  The terms of the present offense and each enhancement shall run consecutively"].)

[4] Before 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each prior
*(Fn. is continued on the next page.)*

For criminal threats, the court sentenced Williams to three years, doubled to six years because of the prior strike.

In 2022, the CDCR identified Williams's case as one for judicial review "pursuant to SB483."[5]  In January 2024, Williams filed a motion for full resentencing.

In April 2024, the superior court recalled Williams's sentence and resentenced him on kidnapping by: (1) striking the five years previously imposed under former section 667.5, subdivision (b); (2) reimposing a sentence of 14 years to life; and (3) imposing but staying the five-year enhancement under section 667(a)(1) "in the interest of justice."  For his criminal threats conviction, the superior court sentenced Williams to two years, doubled to four years, to be served consecutively.  Additionally, the court ordered the CDCR to calculate Williams's custody credits, stating, "every time I attempt to do that, they send me a letter back and say I'm wrong."

Williams timely appealed.

---

prison or county jail term the defendant served if the defendant had not remained free of custody for the preceding five years. (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

[5] Senate Bill 483 added to section 1171.1, later renumbered to section 1172.75.  (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted Feb. 21, 2024, S283169.)  "Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement."  (*Ibid.*)

3

## DISCUSSION

Williams argues the superior court "made two errors at his resentencing. First, the trial court stayed punishment on Williams's prior Penal Code section 667, subdivision (a)(1) enhancement instead of striking punishment. Second, the trial court failed to award Williams any custody credits, instead ordering the department of corrections to calculate any credits owed." The Attorney General agrees that "[t]he trial court was required to impose or strike the enhancement in this case, so the present sentence is unauthorized," and that "the trial court was required to calculate the number of days appellant had spent in actual custody at the time of resentencing." We agree.

"Under section 1385, a trial court may 'strike or dismiss an enhancement' or 'the additional punishment for that enhancement in the furtherance of justice.' (§ 1385, subd. (b)(1).) 'The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 139.) "[T]he only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.' " (*Ibid.*) No party contends an enhancement under section 667(a)(1) is barred by an overriding statutory provision. "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal." (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)

4

Additionally, when the court resentences a prisoner in CDCR custody, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) "The court must also calculate conduct credits for the period before the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.) "The agency to which the defendant is committed—in this case the Department of Corrections and Rehabilitation—calculates and applies conduct credit for time following the original sentencing hearing." (*Ibid.*)

## DISPOSITION

The judgment is vacated. On remand, the superior court shall resentence Williams, striking the section 667(a)(1) enhancement, and calculating his actual custody credits and conduct credits for the period before the original sentencing hearing. The superior court shall also direct the CDCR to calculate and apply Williams's conduct credit for time following the original sentencing hearing.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.        WEINGART, J.

5